**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMON TORRES RUELAS,

               Petitioner-Appellant,

    v.

TROY BOWSER, Warden,

               Respondent-Appellee.

No.   20-35899

D.C. No. 2:18-cv-01222-SU

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 5, 2021
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Ramon Torres Ruelas appeals the district court's denial of his habeas petition

under 28 U.S.C. § 2254. We review de novo the district court's denial of § 2254

relief. *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019). We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Under the Antiterrorism Act and Effective Death Penalty Act of 1996 (AEDPA), we may only grant habeas relief if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When, as here, the decision of the highest state court is unreasoned, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . [and] then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, the last reasoned decision is the decision of the Oregon circuit court that denied Ruelas's petition for post-conviction relief in May 2016.

To establish ineffective assistance of counsel, Ruelas must show that (1) his counsel performed deficiently and (2) counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under AEDPA, however, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [Ruelas] must show that the [Oregon circuit court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 698–99 (2002) (citation omitted).

In this case, the state court's conclusion that Ruelas had not carried his burden under either *Strickland* prong with respect to counsel's investigation and use of lay and expert testimony was not an unreasonable application of *Strickland*. In reaching this conclusion, the state court did not make an unreasonable determination of facts. As to additional lay witnesses, the state court's factual determinations that some of these witnesses were not made known to trial counsel before the trial, and that trial counsel was not provided contact information for others, was not an unreasonable determination of the facts. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). The record also supports the state court's reasonable factual determinations that testimony from other lay witnesses would have been largely duplicative or else was likely to carry little weight because the trial judge focused on the victims' credibility. Trial counsel sought to undermine the victims' credibility and constructed a defense that Ruelas was not alone with the victims. While that strategy was unsuccessful, the state court reasonably concluded that trial counsel was not deficient.

For substantially the same reasons, it was not objectively unreasonable for the state court to conclude that there was no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" if trial counsel had put forward additional lay testimony at trial. *Strickland*, 466 U.S. at 694. The victims gave graphic and consistent testimony about Ruelas's abuse and provided descriptions of sexual content in pornographic

3

videos that matched videos located at Ruelas's residence. The state court could reasonably conclude that the additional lay witness testimony Ruelas claims should have been presented would not have changed the result.

The state court also reasonably concluded that Ruelas had not established deficient performance or prejudice as to trial counsel's decision not to use expert testimony to attack the victims' credibility. While Ruelas suggests that an expert could have testified about the "risk that [the victims] were offering implanted memories or [were] otherwise unreliable," the state court reasonably determined that Ruelas's expert on state habeas review had not identified problems with the victims' testimony or their memories. Under AEDPA, Ruelas has not shown that the state court's determinations are "beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**AFFIRMED.**